## DAYNES–BEEBE MUSIC CO. v. CHASE.

## CHASE v. DAYNES–BEEBE MUSIC CO.

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

Nos. 7884, 7910.

1. Corporations ⬳264—Lessor's action in Utah to enforce liability of stockholder in lessee California corporation held governed by three-year limitation statute of Utah (Const. Cal. art. 12, §§ 3, 15; Civ. Code Cal. § 322; Comp. Laws Utah 1917, § 6488).

Action brought in Utah by lessor to enforce liability of defendant as stockholder in lessee, a California corporation, under Const. Cal. art. 12, §§ 3, 15, and Civ. Code Cal. § 322, held governed by the three-year limitation of Comp. Laws Utah 1917, § 6488, providing that actions against directors or stockholders of a corporation to enforce a liability created by law shall be brought within three years after discovery of facts creating the liability, and not by the one-year limitation of section 6468, subd. 1.

2. Landlord and tenant ⬳109(5)—Lessor, by accepting surrender of premises before expiration of lease, on condition of lessee's continued liability, did not waive rights under lease.

Where lessor refused to accept lessee's tender of keys before expiration of lease for years, except on condition and understanding that he would insist on holding lessee to terms of lease and payment of future rent thereunder, and that his acceptance of possession of the building would be merely to preserve it and relet for lessee's account, lessor, by accepting keys and possession of building, waived none of his rights under the lease.

3. Corporations ⬳247—Lessor's release of corporate lessee and its stockholders from liabilities accruing thereafter held not to release previously accrued rent, taxes, or attorney's fees.

Lessor's release of corporate lessee, its officers and stockholders, dated December 28, 1926, before expiration of the lease, "from any further or future obligations to be incurred by it hereafter, or by reason of or under said lease from this date (but not prior thereto) which he has against them" under the lease, held not to release liabilities for rent of April, May, June, and July, 1926, taxes for 1925, or counsel fees for prosecution of the action to enforce defendant's liability as stockholder in lessee corporation, under Const. Cal. art. 12, §§ 3, 15, and Civ. Code Cal. § 322.

4. Landlord and tenant ⬳186(2)—Lessee held entitled to rebate of rent for interruption of occupancy of building caused by repairs.

Under lease providing that, if the premises should be repairable within 90 days from the happening of any injury, lessor would promptly repair premises and make proper allowance on rent, in view of the time consumed in making the repairs, court properly permitted jury to allow lessee a rebate on the rent on account of the interruption of its occupancy of the building resulting from repairs occasioned by dry rot.

5. Landlord and tenant ⬳184(2)—Lessor held not entitled to recover deposit required of lessee after lessor applied deposit made to rent on lessee's default.

Lessor, suing to enforce liability of lessee's stockholder for lessee's obligations under lease, under Const. Cal. art. 12, §§ 3, 15, and Civ. Code Cal. § 322, held not entitled to recover deposit which lease provided should be maintained by lessee where a deposit had been made by lessee, but had been applied to payment of rent on lessee's default, as authorized by lease.

**6. Corporations ⟨⟩273—Lessor held not entitled to recover from defaulting lessee's stockholder prospective damages for possible brokers' commission for re-leasing for unexpired term.**

Lessor *held* not entitled to recover from defaulting lessee's stockholder, under Const. Cal. art. 12, §§ 3, 15, and Civ. Code Cal. § 322, prospective damages on account of his possible necessity to pay brokers' commission for re-leasing the building for unexpired term of lease.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Charles W. Chase against the Daynes-Beebe Music Company. To review the judgment, defendant brings error, and plaintiff assigns cross-error. Affirmed.

Thomas D. Lewis, of Salt Lake City, Utah, for plaintiff.

Jesse R. S. Budge, of Salt Lake City, Utah (Daniel Alexander and Bernard J. Stewart, both of Salt Lake City, Utah, on the brief), for defendant.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. This was an action brought by Charles W. Chase, hereinafter called the plaintiff, against Daynes-Beebe Music Company, a Utah corporation, hereinafter called the defendant, to enforce stockholders' liability under a California statute on account of a cause of action arising in favor of the plaintiff against Daynes-Beebe Music Company, a California corporation. The Daynes-Beebe Music Company, a California corporation, had undergone by proper proceedings several changes of name; its original name being Zellner Piano Company, later changed to Story & Clark Music Company, and still later changed to Daynes-Beebe Music Company. From the record it appears that on July 30, 1923, plaintiff leased to Story & Clark Music Company, for a period of 15 years, a certain plot of ground in the city of Los Angeles, lessor to construct a building thereon for the use of the lessee for a stipulated rental, which progressively increased under several intervals. After the building had been constructed, and the lessee had gone into possession under the lease, the interior of the building became seriously affected with what may be termed a malady called dry rot. This malady interrupted the use of the building and necessitated repairs; the lessor repaired, interrupting the lessee's use of a portion of the building for some time.

The lessee paid the rent up to and including March, 1926, at which time, owing to unsuccessful business, it determined to suspend business, and on the 30th of March, 1926, one of its officers tendered the keys of the building to the lessor, declaring it was going to quit. The lessor refused the keys, except upon the condition, notice, and understanding that he would insist upon holding the lessee to the terms of the lease and the payment of future rent under the term; that his acceptance of the possession of the building would be only in order to preserve the same and re-lease for the account of the lessee. The keys and possession were surrendered upon that condition and notice, but the lessor was not successful in re-leasing the building, and later, on the 28th of December, 1926, a contract was entered into between the lessor and the lessee, by the terms of which, in consideration of the payment of $2,700, the lessee was released "from any further or future obligations to be incurred by it thereafter, or by reason of or under said lease from this date forth (but not prior thereto)." The agreement had the further provision that the lessor "does not release the defendants in said actions or suits pending in Utah from any liability, nor in any way lessen his remedy against said defendant as to any fact mentioned or covered by the complaints in said actions."

At the time of the execution of the lease, the Daynes-Beebe Music Company, the California corporation and lessee, was capitalized at 50,000 shares, of $1 each, of which 49,996 shares were owned by the defendant, the Utah corporation, who continued to hold those shares until September 30, 1925, when it ceased to be a stockholder.

The Constitution and statutes of California provide:

Constitution, article 12, § 3: "Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

Civil Code of California: "Sec. 322. *Liability of Stockholders.* Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. * * * The liability of each stockholder is determined by

the amount of stock or shares owned by him at the time the debt or liability was incurred, and such liability is not released by any subsequent transfer of stock. * * * "

This suit was brought to recover rental for the months of April, May, June, and July, 1926; also a deposit of $3,411 required by the lease to be maintained and kept in the hands of the lessor; also taxes paid by the lessor for 1925 in excess of $3,000, which is claimed should be paid by the lessee; also a claim for commissions which lessor would be required to pay brokers for securing a tenant for the unexpired term, and also certain expenditures for repairing damages occasioned by the dry rot; also attorney's fees for prosecution of this action.

The defendant answered, denying liability for the commissions, for repairs occasioned by the dry rot, as well as all other items sued for. The defendant, in addition to such denials of liability, asks damages to be offsetted for injury to its merchandise, occasioned through making of repairs, and also pleads three affirmative defenses, viz.: First, that the action was barred by the statutes of limitations of California and Utah; second, that plaintiff, by accepting the surrender of the building on March 30, 1926, terminated all liability under the lease and otherwise; and, third, that by the agreement of December 28, 1926, plaintiff released all claims, both future and past.

The case was tried to a jury, and the court, upon appropriate motions, denied the claim of plaintiff for commissions which it might be required to pay brokers for re-leasing the building, and denied plaintiff's claim for reimbursement for expenditure and repairs occasioned by the dry rot, and also denied defendants' offset, claiming a reasonable damage to merchandise. The court charged the jury that defendant was liable for the rents of April, May, June, and July, of 1926, but that they should deduct therefrom such allowance upon rent as the jury might find proper, resulting from the repairs made by the plaintiff during the month of March, 1926; the lease providing that, if the premises should be repairable within 90 days from the happening of any injury, the lessor would promptly repair the same and a proper allowance upon the rent be made, in view of the time consumed in making the repairs. The court also charged the jury that plaintiff would be entitled to recover, on account of taxes, the sum of $573.61, with interest thereon, and that the plaintiff would be entitled to such reasonable sum as the jury might find

him entitled to as attorney's fees for the prosecution of this action.

Plaintiff in error, having reserved proper exceptions, assigned 10 errors. The first is based upon the statute of limitations; the second, upon the effect of the transaction of March 30 and December 28, 1926; the third, separately, upon the transaction of December 28, 1926; the fourth, on the transaction of March 30, 1926; the fifth, for refusal to give defendants' instructions as to offset on account of damages to merchandise, etc.; the sixth and eighth are based upon the defendants' liability for attorneys' fees; the seventh and ninth on defendants' liability to pay taxes; the tenth is a general assignment that the verdict and judgment are contrary to law.

It will be observed that all these assignments may be grouped under the three heads heretofore indicated: (1) Statute of limitations. (2) Effect of surrender of March 30, 1926. (3) Effect of agreement of December 28, 1926.

The plaintiff assigned four cross-errors and such assignment is docketed herein as case No. 7910. The first assignment challenges the instructions of the court allowing the defendant credit for rebate on rent during March, 1926; the second is based on the refusal to instruct that the agreement of December 28, 1926, released the defendant; the third is based on the court's refusal to instruct that plaintiff was entitled to recover the amount of the deposit of $3,011.33, provided for in the lease; the fourth, on the refusal of the court to instruct a verdict for the plaintiff in the sum of $2,239.01 on account of the repairs made.

We will dispose of these propositions in the order stated. We quote the following from the brief of plaintiff in error:

"The following are pertinent provisions of the California Constitution and statutes:

"Constitution, art. 12, § 3: 'Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association.'

"Constitution, art. 12, § 15: 'No corporation organized outside the limits of this state shall be allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state.'

"Civil Code California, § 322. 'Liability

*of Stockholders.* \* \* \* Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. \* \* \* The liability of each stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred; and such liability is not released by any subsequent transfer of stock. \* \* \* The liability of each stockholder of a corporation formed under the laws of any other state or territory of the United States, or of any foreign country, and doing business within this state, is the same as the liability of a stockholder of a corporation created under the Constitution and laws of this state.'

"Compiled Laws of Utah 1917, tit. 117, c. 2, § 6445, reads as follows: '*Actions to be Commenced Within Periods Prescribed.* Civil actions can be commenced only within the periods prescribed in the three succeeding chapters, after the cause of action shall have accrued, except where in special cases a different limitation is prescribed by statute.'

"Section 6468, subd. 1, provides: 'An action for liability created by the statute of a foreign state or by the statute of this state other than a penalty or forfeiture under the laws of this state shall be begun within one year.'

"In chapter 5, tit. 117, are enumerated various exceptions to the operation of the several statutes of limitations, just as such exceptions are enumerated in the California Code, and within that chapter is contained section 6488, which reads as follows: 'Sec. 6488. This chapter does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a *liability created by law;* but such actions must be brought within three years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, or the liability was created.'"

[1] It is argued, and may be conceded for the purpose of the opinion, that, generally speaking, liability under article 12, §§ 3 and 15, of the Constitution of California, and section 322 of the Civil Code of that state, is incurred at the date the stockholder becomes such. So assuming, plaintiff in error contends that, conceding the statute of limitations of Utah to control, that section 6468, subd. 1, of chapter 4, applies, and therefore more than one year had elapsed since the date plaintiff became a stockholder, and therefore the action is barred by such statute. Defendant in error contends that section 6488 applies, and that the action was begun within three years from the time of the discovery by the aggrieved party of the facts upon which the liability was created. We have read carefully the argument of counsel for plaintiff in error upon this contention, but are constrained to the opinion that it is not sound. Section 6468 is general in its language, and section 6488 deals with this specific class of cases, and we think this is one of them. We therefore conclude that section 6488 applies in the instant case, and that the trial court made no error in denying the defendants' plea of the statute of limitations.

[2] We come now to the transaction of March 30, 1926. From a reading of the record we are entirely convinced that the plaintiff, in accepting the keys and possession of the building, waived none of the rights under the lease. We are further convinced that the keys were surrendered and the building delivered with that understanding at the time. Therefore the transaction of March 30th did not release the lessee.

[3] As to the transaction of December 28, 1926, the pertinent provision of the agreement is as follows:

"Said Chase, the party of the first part hereto, in consideration thereof and of the payment by said Lindholm of said twenty-seven hundred dollars ($2700.00), does hereby release said Daynes-Beebe Music Company, of California, its officers and stockholders, from any further or future obligations to be incurred by it hereafter, or by reason of or under said lease from this date forth (but not prior thereto), which he has against them, or either or any of them, under or by virtue of, or arising out of, said lease hereby surrendered; it being understood, however, that he does not release the defendants in said actions or suits pending in Utah from any liability, nor in any way lessen his remedies against said defendant as to any facts mentioned or covered by his complaints in said actions."

We have no difficulty in arriving at the conclusion that the language, "from any further or future obligations to be incurred by it hereafter, or by reason of or under said lease from this date (but not prior thereto), which he has against them, or either or any of them, under or by virtue of or arising out of said lease hereby surrendered," does not include the liabilities for the recoveries herein, and that the agreement of December 28, 1926,

did not release the defendant from those items. Indeed, the provision of the agreement quoted seems to have, with great care, avoided that effect.

[4] We come now to the cross-assignments of error. The first assignment challenges the instructions of the court which permitted the jury to allow the defendant a rebate on the rent for March on account of the interruption of its occupancy of the building. Without following counsel for the plaintiff through the course of his argument on this assignment, suffice it to say we are satisfied that the ruling of the trial court in this respect was correct, and that the defendant was entitled to the rebate allowed. The second assignment goes to the same proposition, and need not be further discussed.

[5] The third assignment challenges the instructions of the court to the effect that the plaintiff was not entitled to recover $3,011.33 deposit, which the lease provided should be maintained. The deposit had been made, but the lessee had defaulted its rent, and the lessor had applied the deposit to the payment of rent, thereby using it for one of the very purposes for which it was provided. We think the court was entirely correct in its ruling.

[6] The fourth assignment challenges the court's ruling to the effect that the plaintiff was not entitled to recover prospective damages on account of his possible necessity to pay brokers' commission for releasing the building.

In view of what we have said in this opinion, it follows that the judgment of the trial court should be, and is on both appeals, affirmed.